IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID LINK                                              :

       Plaintiff,

v.                                                      :

BOARD OF EDUCATION OF
KETTERING CITY SCHOOLS,
TOBY HENDERSON, MARTIN          :    Case No. 3:22-CV-295-WHR-CHG
MARK, JIM AMBROSE,
JENNIFER KANE, LORI PARKS,           JUDGE WALTER H. RICE
KEN MILLER, TYLER
ALEXANDER, LIZ JENSEN, JEFF
RENSHAW, and ZACH PICKENS

       Defendants.

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION TO
DISMISS, DOC. #12, AND SUSTAINING DEFENDANTS' MOTION
TO DISMISS SECOND AMENDED COMPLAINT, DOC. #19;
PLAINTIFF GRANTED 7 DAYS TO REFILE FINAL AMENDED
COMPLAINT; DEFENDANTS GRANTED 14 DAYS TO FILE A
RESPONSE

---

The Court's previous order, Doc. #10, dismissed all of Plaintiff David Link's[1]

("Link") claims against the Board of Education of Kettering City Schools ("the

Board") and the individually named board members and district employees

---

[1] The original Complaint, Doc. #1, identifies Plaintiff David Link with the honorific "Mx." and includes numerous exhibits where Plaintiff is referenced using pronouns such as "they/their/them." Additional filings indicate that the Plaintiff refers to himself as "Noki Link" and using the pronouns she/they. *See, e.g.,* Doc. ##11 & 14. For the sake of clarity and consistency with the previous order, Doc. #10, the Court will continue to refer to Plaintiff as "he/his/him."

(collectively "Defendants") on September 28, 2023. The order also provided Link a twenty-one (21) day period during which he could file an amended complaint clarifying his claims of violations of his First Amendment rights.[2] Link subsequently filed an Amended Complaint, Doc. #11, on October 18, 2023. In response, on October 31, 2023, the Board filed a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). Doc. #12. Link filed a Response to the motion on November 27, 2023, Doc. #14, which also sought leave to file supplemental information to the Amended Complaint. Defendants filed a Reply on December 4, 2023. Doc. #15. Link then filed a request seeking leave of Court to file a Second Amended Complaint, Doc. #16, on December 27, 2023, and then repeated the same filing again on December 29, 2023, Doc. #17, with minor revisions. *Compare* Doc. #16 at PageID #164 *with* Doc. #17 at PageID #171. Link then filed another document self-titled "Second Amended Complaint," on January 16, 2024, Doc. #18. Subsequently, the Board filed a Motion to Dismiss the Second Amended Complaint, Doc. #19, on January 30, 2024. Link filed a Response on February 9, 2024, Doc. #20, and the Board replied on February 16, 2024. Doc. #21.

  The motions are ripe for review.

---

[2] This Court's jurisdiction is based on federal questions "arising under" the Constitution or laws of the United States. 28 U.S.C. §§ 1331.

2

I.      **Procedural History**

On October 18, 2023, Link filed a short, two-page Amended Complaint. Doc. #11. Before getting to the substance of the filing, Link states "Plaintiff, for the Amended Complaint and in addition to the original complaint, hereby states as follows. [sic]" *Id.* at PageID #142. It then lays out Link's assertions, such as "(1) Every person has the right to discuss matters of public concern with others they trust[;] (2) Gender and sexual orientation is a right guaranteed by the United States Constitution[; and] (3) Protection of speech, expression and association is a freedom undeniable to all people[.]" *Id.* The Amended Complaint also states facts involving conversations, encounters, and details from Link's personal life outside of his work at school, *id.* at PageID #142, before asserting two rights (free speech/expression and free association), requesting interlocutory appeal, and requesting that the Court find Link's prior resignation to be unenforceable. *Id.*

In response, the Board filed another motion to dismiss on October 31, 2023, contending that Link had again failed to state a claim for relief. Doc. #12. Specifically, the Board contended that Link's amended complaint "fails to allege any actions taken by [the Board] that somehow infringed on" Link's rights to free speech/expression and free association. *Id.* at PageID #144.

On November 27, 2023—nearly four weeks after the Board had filed its motion to dismiss—Link filed his response, Doc. #14, and stated that he "believes the claims in [his] original complaint are valid because the school has, and continues to treat [him] poorly because [he] is transgender, and [he] wants them to

3

stop." *Id.* at PageID #153. Link also referred to an exhibit in his original—now dismissed—complaint as evidence supporting his claims of First Amendment violations by the Board. *Id.* (citing Doc. #1-9 at PageID #39).

The Board filed its Reply, Doc. #15, on December 4, 2023, restating its position on the Motion to Dismiss, Doc. #12, and asking that Link's request to supplement his amended complaint be denied as untimely. *See* Doc. #15 at PageID #156 (citing Fed. R. Civ. P. 15(a)).

Three weeks later, on December 27, 2023, and without leave of Court, Link filed another document self-titled "Plaintiff's Second Amended Complaint," Doc. #16, which both sought leave of Court to file a Second Amended Complaint and "to provide supplemental information to the original and amended complaints *in response to the motion to dismiss*." *Id.* at PageID #159 (emphasis added). Then, on December 29, 2023, Link filed another nearly identical document that was also self-titled "Plaintiff's Second Amended Complaint," Doc. #17, stating in a footnote that the duplicative filing was because the previous document "was filed without proper editing of the conclusion," and the present filing was the corrected version. *Id.* at n.1.[3] Finally, on January 16, 2024—seventy-seven (77) days after the motion to dismiss was filed and without leave of court—Link filed yet another document self-titled "Plaintiff's Second Amended Complaint." Doc. #18.[4]

---

[3] The prior filing, Doc. #16, had handwritten annotations on the final page. *Id.* at PageID #164.
[4] In a footnote on the first page of the filing, Link claims that "[t]he previous Plaintiff's Second Amended Complaint [Doc. #17] was a motion for leave that was mislabeled," that "this complaint

4

On January 30, 2024, the Board filed a Motion to Dismiss Second Amended Complaint. Doc. #19. Link subsequently filed a response to that motion, Doc. #20, on February 9, 2024, and the Board filed a reply, Doc. #21, on February 16, 2024.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *Pro se* filings are "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted). But that leeway is not unlimited, and "[e]ven a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be

---

[Doc. #18] is also in addition to all other complaints," and that Doc. #18 "is a clarification of the First Amendment claims in the original complaint." Doc. #18, PageID #173 n.1.

granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id*. at 679.

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Analysis

The Court finds that Link's First Amendment claims have again failed to provide "a short and plain statement ... showing that [he] is entitled to relief." *See* Fed. R. Civ. P. 8(a). None of the statements laid out in Link's Amended Complaint constitute a claim that provides the Board with "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007) (quotation omitted).

As a threshold matter, Link's original Complaint, Doc. #1, was dismissed in its entirety by prior order of the Court. Doc. #10. This means that any facts or claims therein are no longer part of the record and are not factored into any of the Court's subsequent rulings unless expressly restated in the amended complaint. Except for Link's passing reference to an exhibit attached to the original Complaint, *see* Doc. #11 at PageID #142 (citing Doc. #1-4), the Amended Complaint does not explicitly incorporate, or otherwise reference, facts and claims from the original Complaint. *See generally id.* So, when limiting the Court's analysis to the four corners of the Amended Complaint, Doc. #11, Link does not allege any actions

7

taken by the Board that would constitute a cognizable claim for a violation of his rights, First Amendment or otherwise.

In the Amended Complaint, Doc. #11, Link briefly states three broad factual assertions about people, places, conversations, and other details that have no facial relevance to the Board or Link's job in the district. *Id.* at PageID 142. This included a series of lunch meetings Link had with a former student, a conversation with a barber about pornography, and that "[t]hroughout the summer of 2021 [Link] was questioning [his] gender and sexual orientation." *Id.* Then, from the layout of the Amended Complaint, Link's apparent claims read as follows:

> **I. Plaintiff's right to free speech and association** The Plaintiff has a constitutional right to discuss [his] public gender and sexual orientation with other teachers. The pornography discussion (see Doc. #1-4, PageID #25) [sic] was in a public barbershop.
>
> **II. Plaintiff's right to free speech and expression** The Plaintiff has a constitutional right to share [his] public relationships with students. The relationship (Id.) [sic] was in public restaurants.
>
> **III. Plaintiff's interlocutory appeal** If necessary. Plaintiff requests an interlocutory appeal to review the revocation decision to file this claim.[5]
>
> **IV. Requested relief** Due to resignation because of distress, and revocation, a judgment that the resignation is unenforceable.

---

[5] This Court cannot grant interlocutory appeals as that is a matter of jurisdiction reserved to the legislature. *See* 28 U.S.C. § 1292(a) (setting the boundaries of appellate jurisdiction over interlocutory decisions). Separately, as a matter of black letter law, interlocutory appeals only apply to interlocutory orders, which are "order[s] that relate[] to some *intermediate* matter in the case; any order other than a final order." *Order*, Black's Law Dictionary (11th ed. 2019) (emphasis added). The Court's previous order, Doc. #10, is not an intermediate order entitled to interlocutory review because an involuntary dismissal without prejudice constitutes a final appealable order. *See Union Oil Co. v. Serv. Oil Co.*, 766 F.2d 224, 228 (6th Cir. 1985) (citing *Robinson v. Fed. Nat'l Mortg. Ass'n*, 673 F.2d 1247, 1249 (11th Cir. 1982)).

*Id.* Aside from the citation to the Board's Title IX Investigative Report, Doc. #1-4, which was an exhibit attached to the original Complaint, Doc. #1, Link's Amended Complaint made no attempt to clearly incorporate or restate any of its facts, arguments, or claims.

As the Court acknowledged in its previous order, Doc. #10 at PageID #130, *pro se* filings are meant "to be liberally construed, " *Estelle v. Gamble*, 429 U. S. 97, 106 (1976), up to and including holding *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," even if those complaints are "inartfully pleaded." *See Erickson v. Pardus*, 551 U. S. 89, 94 (2007) (per curiam) (quoting *Estelle*, 429 U. S. at 106) (internal quotation marks omitted). However, as the Court also observed, Doc. #10 at PageID ##130–31, handling a *pro se* complaint with liberality does not remove a plaintiff's requirement to "provide the opposing party with notice of the relief sought," nor does it mean that the Court must "conjure up claims never presented" by the plaintiff. *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012). Link's Amended Complaint, Doc. #11, expects the Court to do just that.

This failure of pleading is further confounded by Link's response to the Board's Motion to Dismiss, Doc. #14, which attempts a backdoor revision to the Amended Complaint by referencing another exhibit attached to the original complaint. *See* Doc. #14 (citing Doc. #1-9). The response also sought leave from the Court "to file supplemental information to the amended complaint *in response to* the Defendant's Motion to Dismiss. Doc. #14 at PageID #152 (emphasis added).

9

Link's backdoor attempts to revise the amended complaint happened thrice more. *See* Doc. ##16–18.

First, as a matter of procedure, the Board's Motion to Dismiss, Doc. #12, was timely filed on October 31, 2023. Link's response, Doc. #14, was filed on November 27, 2023, which was twenty-seven (27) days later and thus untimely under Local Civil Rule 7.2(a)(2). ("Any memorandum in opposition shall be filed within *twenty-one days* after the date of service of the motion) (emphasis added). As the Supreme Court has previously observed:

> [W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). Second, even assuming the Response, Doc. #14, had been timely filed, Link's reference to external documents beyond his Amended Complaint are unavailing as anything connected to the original Complaint is not part of the record after the Court's previous order dismissing all claims. *See* Doc. #10. Finally, even if the Court both ignored the untimeliness of the filing and allowed refence to materials no longer in the record, Link's claim that "[his] first amendment [sic] rights to association and expression [were] infringed" as shown by "evidence [that] is in [the Title IX Report]," Doc. #14 at PageID #153, is not

10

enough to construct a coherent, cognizable First Amendment claim against the Board.

The Title IX Report, Doc. #1-9, was already considered by the Court when dismissing the original complaint for failing to state a cognizable First Amendment Claim. *See* Doc. #10 at PageID #125 (stating that the factual allegations in the complaint and its attachments were considered true and authentic for the purposes of ruling on a motion to dismiss); *see also id.* at PageID ##138–39 (discussing how the Court dismissed the original complaint's First Amendment claims). As the Court observed when dismissing the original Complaint, "[t]he first claim references 'actions [of Defendants] based on Plaintiff's conversations' . . . however, no information is given to indicate . . . what actions of the Defendants constituted the violation." Doc. #10 at PageID #139 (citing Doc. #1 at PageID #3 (citing Doc. #1-9)). Link's generic attempts to once again have the Court construct a valid First Amendment claim on his behalf from the information contained in the Title IX Report, Doc. #1-9, fails for the same reasons it failed previously.

Additionally, Fed. R. Civ. Pr. 15(a)(2) allows, "when justice so requires," for a party to amend their pleadings with leave of court. However, "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)), and when a *pro se* plaintiff "became aware of the potential deficiencies in their complaint, and were given the opportunity to remedy any deficiencies, they cannot now seek shelter in their *pro se* status." *Id.* In the Board's

11

previous motion to dismiss for failure to state a claim, Doc. #6, which the Court ultimately sustained, Doc. #10, the Board laid out the elements for claiming First Amendment retaliation in the Sixth Circuit:

> For a public employee to establish a claim of First Amendment retaliation, the person must demonstrate that: (1) he or she was engaged in a constitutionally protected activity; (2) the defendant's adverse action caused [him or her] to suffer an injury that would likely chill a person of ordinary firmness from continuing in that activity; and (3) the adverse action was motivated at least in part as a response to the exercise of his or her constitutional rights. *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1048 (6th Cir. 2001). To demonstrate that he or she was engaging in constitutionally protected speech, a teacher must show that his or her speech touched on matters of public concern, and that his or her "interest in commenting upon matters of public concern...outweigh[s] the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir.2000).

Doc. #6 at PageID #97. Despite having been provided with citations and a roadmap for properly filing a First Amendment retaliation claim, when given the opportunity to file an amended complaint, Link instead filed a pleading that was even more threadbare on the First Amendment than its predecessor. *See generally* Doc. #11. This *de minimis* Amended Complaint was then subject to the Board's instant Motion to Dismiss. Doc. #12.

Then, having been once again presented with the deficiency in his pleading, Link repeatedly attempted to redraft his Amended Complaint by way of a series of evolving filings self-titled "Plaintiff's Second Amended Complaint." *See* Doc. ##16–18. Similar to his Response, Doc. #14, Link does request leave of Court to file supplemental information in two of the three filings; Doc. ##16–17; however,

12

the final and most self-contained filing, Doc. #18, was summarily filed without first seeking the Court's leave to do so. *Compare id.* at PageID #173 ("The Plaintiff respectfully submits Plaintiff's Second Amended Complaint") *with* Doc. #16 at PageID #159 ("[Plaintiff] respectfully requests leave of the court to file a second amended complaint to provide supplemental information") *and* Doc. #17 at PageID #166 ("[Plaintiff] respectfully requests leave of the court to file a second amended complaint to provide supplemental information").

Because the Amended Complaint does not present more than mere "labels and conclusions," *Twombly*, 550 U.S. at 555, and since it is not the role of the Court "to conjure up claims" that a *pro se* plaintiff does not adequately present, *Frengler*, 482 F. App'x at 977, Link's claims necessarily fail. Additionally, because Link's attempts to serially amend his amended complaint were made without leave of Court, they also fail.

IV. Conclusion

For the reasons set forth above, the Court SUSTAINS Defendants' Motion to Dismiss. Doc. #12. The Court also SUSTAINS Defendants' Motion to Dismiss Second Amended Complaint. Doc. #19.

The Court's dismissal is without prejudice to the filing of a Final Amended Complaint within seven (7) days of this Decision and Entry, consistent with the strictures of Fed. R. of Civ. P. 11 and this Court's opinion. Should Plaintiff fail to provide either a timely or a cognizable pleading, the matter will be dismissed with prejudice.

Defendants will have fourteen (14) days to file a response to Plaintiff's pleading.

Date: February 21, 2024

_Walter H. Rice_
WALTER H. RICE
UNITED STATES DISTRICT JUDGE